Herbert and Jannie **HERIAN** et al.,
Petitioners,

v.

**UNITED STATES of America**,
Respondent.
Charles **THOMPSON** et al., Petitioners,

v.

**UNITED STATES of America**,
Respondent.
Civ. A. Nos. 682–73, 714–73.

United States District Court,
District of Columbia.
July 10, 1973.

Motion for Reconsideration Denied
Aug. 30, 1973.

15. *Id.* at 346.

288

Karl W. Carter, Michael O. DeMouy, Howard L. Feinstein, Washington, D. C., for petitioners.

Robert M. Werdig, Jr., Asst. U. S. Atty., Washington, D. C., for respondent.

## MEMORANDUM AND ORDER

WILLIAM B. JONES, District Judge.

These two civil actions are verified petitions for removal of certain actions from the Superior Court of the District of Columbia, Landlord and Tenant Branch, to this Court pursuant to 28 U.S.C. § 1441 (1970) and D.C.Code § 11–503 (Supp. V, 1972). The petitioners are defendants in suits for possession of premises instituted against them by the respondent, the United States, in the Superior Court. The petitioners are tenants of properties titled in the name of the United States. The properties are operated by the National Capital Housing Authority, an agency of the United States, under the provisions of D.C.Code § 5–103 et seq. The respondent has moved to remand these cases back to the Superior Court pursuant to 28 U.S.C. § 1447(c) (1970). The respondent's motions will be granted.

The theory of the petitioners is simple. Under 28 U.S.C. § 1345 (1970):

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

It is uncontested that the petitioners have been sued by the United States. The petitioners, then, seek removal under 28 U.S.C. § 1441(a) (1970), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil ac-

tion brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

D.C.Code § 11–503 (Supp. V, 1972) specifically makes section 1441(a) applicable to actions brought in the Superior Court of the District of Columbia. Thus the plaintiffs claim that this action may be removed to this Court because it had original, although not exclusive, jurisdiction under section 1345.

The amendment to the District of Columbia ejectment statute, D.C.Code § 45–910 (Supp. V, 1972), by the 1970 Court Reform Act makes it clear, however, that this Court does not have original jurisdiction over these actions under section 1345. Prior to the Court Reform Act, jurisdiction over ejectment proceedings was provided in D.C.Code § 45–910 (1967):

> Whenever a lease for any definite term shall expire, or any tenancy shall be terminated by notice as aforesaid, and the tenant shall fail or refuse to surrender possession of the leased premises, the landlord may bring an action of ejectment to recover possession in the United States District Court for the District of Columbia; or the landlord may bring an action to recover possession before the District of Columbia Court of General Sessions, as provided in sections 11–701 to 11–749.

The Court Reform Act amended section 45–910 to read:

> Whenever a lease for any definite term shall expire, or any tenancy shall be terminated by notice as aforesaid, and the tenant shall fail or refuse to surrender possession of the leased premises, the landlord may bring an action of ejectment to recover possession in the Superior Court of the District of Columbia.

When the new section 45–910 is read in conjunction with the old one, it is clear that the intent of the Court Reform Act is to vest exclusive jurisdiction of all ejectment proceedings in the Superior Court, even those brought by the United States. All mention of the District Court as an available forum was specifically eliminated by the Act. Section 1345 itself provides for original jurisdiction in the district courts of suits brought by the United States "[e]xcept as otherwise provided by Act of Congress." The new section 45–910 is just such a provision. It is both more recent and more specific than section 1345. Moreover, the word "may" in section 45–910 refers only to the landlord's option of bringing suit for possession, not to an option to bring an ejectment action in any court but the Superior Court.

Therefore section 1345 provides no basis for removal and these cases will be remanded to the Superior Court as improvidently removed and without jurisdiction in this Court. *Cf.* United States v. Coleman, 101 Daily Wash.L. Rep. 589 (D.C.Super.Ct., Feb. 27, 1973) (McArdle, J.).

The petitioners in Civil Action No. 714–73 have moved to proceed in forma pauperis and for waiver of the removal bond of 28 U.S.C. § 1446(d) (1970) and the filing fee for this action. Leave to proceed in forma pauperis will be granted. In view of the disposition of the petition, the question of the waiver of the bond will be denied as moot.

### ON MOTION FOR RECONSIDERATION

On July 10, 1973, this Court entered a Memorandum and Order remanding these cases to the Superior Court of the District of Columbia from which they had been removed pursuant to 28 U.S.C. § 1441(a) (1970) and D.C.Code § 11–503 (Supp. V, 1972). The basis of that decision was that the amendment to the District of Columbia ejectment statute, D.C.Code § 45–910 (Supp. V, 1972), by

the 1970 Court Reform Act made it clear that the District Court no longer has jurisdiction over ejectment actions. In the course of that Memorandum, the Court also noted that the amendment to the ejectment statute was an Act of Congress within the exception clause of 28 U.S.C. § 1345 (1970) which gives original jurisdiction in the district courts of suits brought by the United States ·"[e]xcept as otherwise provided by Act of Congress."

█ The petitioners have filed motions for reconsideration on three grounds. First, the petitioners contend that 28 U.S.C. § 1363 (1970) precludes the interpretation that D.C.Code § 45–910 (Supp. V, 1972) is an Act of Congress within the meaning of 28 U.S.C. § 1345 (1970). Second the petitioners argue that the United States should not be considered a landlord within the meaning of the ejectment statute. Third, it is argued that the purely local jurisdiction assigned to the Superior Court· cannot encompass questions concerning the administration of federal public housing programs. Although the first of these arguments would appear to be meritorious, its effect here would not necessitate a change in the July 10 remand Order. Because the second two arguments are without merit, the motions for reconsideration will be denied.

The 1970 Court Reform Act added 28 U.S.C. § 1363 (1970):

> For the purposes of this chapter [which includes section 1345], references to laws of the United States or Acts of Congress do not include laws applicable exclusively to the District of Columbia.

Thus the amended ejectment statute, D.C.Code § 45–910 (Supp. V, 1972), cannot serve as an Act of Congress which forms an exception to the general jurisdiction in the district courts over suits initiated by the United States under 28 U.S.C. § 1345 (1970).

But in order for these cases to be removable to this Court under 28 U.S.C. § 1441(a) (1970), they must be civil actions "of which the district courts of the United States have original jurisdiction." The analysis of the Court in its prior Memorandum and Order demonstrates that the Court Reform Act has placed exclusive jurisdiction over the ejectment matters involved in these cases in the Superior Court, whether or not the new section 45–910 is within the exception clause to 28 U.S.C. § 1345. The elimination of any mention of the District Court as an available forum for this type proceeding makes it clear that the District Court is without jurisdiction and thus these cases cannot be removed under 28 U.S.C. § 1441(a). *Cf.* D.C. Code § 11–921(a)(3)(A)(i) (Supp. V, 1972); Williams, District of Columbia Court Reorganization, 1970, 59 Geo.L.J. 477, 542, 551 (1971).

Both the petitioners and the respondent acknowledge that the Superior Court was established to handle purely local matters. Landlord and tenant cases are uniquely local. This history, coupled with the special procedures established in the landlord and tenant branch of the Superior Court, lend weight to the conclusion that the instant cases were intended to be in the exclusive jurisdiction of the Superior Court.

United States v. Weisenbloom, 168 F. 2d 698 (2d Cir. 1948), relied upon by the petitioners, does not mandate a contrary result. That case was primarily concerned with the application of a New York rent control law to land leased from the United States. The Court held that the New York law was not intended to apply to the United States, and expressed doubt that it could lawfully be invoked against the federal government. The Court did hold in passing that the local New York court was not endowed with exclusive jurisdiction over the suit for possession. But *Weisenbloom* did not decide that in a proper case the local court could not be held to have exclusive jurisdiction over actions for possession. In this case, the Congress of the United States, and not merely a state legislature, has decided that the local court shall have exclusive jurisdiction over pos-

session proceedings. Thus even if *Weisenbloom* is construed to hold that a state cannot force the United States to litigate possession actions in the local courts, it does not reach the question of whether the Congress can bring about such a result.

The petitioners' argument that the United States should not be considered a landlord within the meaning of the ejectment statute is without merit. All the cases cited by the petitioners dealt with statutes which if held applicable to the United States would have subjected it to affirmative state regulation. In the instant case, the United States is not subjected to regulation by the ejectment statutes. Rather those statutes merely prescribe the proper court to be used in seeking judicial relief for possession.

The petitioners argue lastly that the purely local jurisdiction assigned to the Superior Court in the Court Reform Act cannot encompass the administration of federal public housing programs, which are national in scope. The argument is patently without merit. Any claims which the petitioners may wish to make concerning federal housing policy can be raised in the Superior Court as defenses to the instant actions brought by the United States.* Moreover, federal defenses to an action do not confer federal jurisdiction on a proceeding otherwise outside the cognizance of the federal courts. Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

Therefore, it is this 30th day of August, 1973, without hearing pursuant to Local Rule 1–9(e), effective August 1, 1973.

Ordered that the motion of the petitioners for reconsideration be and the same is hereby denied.

---

* Of course, the Court expresses no view on the propriety or substance of such possible defenses.