**DISTRICT OF COLUMBIA, For the Use of JOHN DRIGGS CO., INC.,**
**Plaintiff,**

v.

**RANGER CONSTRUCTION COMPANY and Travelers Indemnity Company,**
**Defendants.**

Civ. A. No. 74–1537.

United States District Court,
District of Columbia.

Dec. 31, 1974.

Kenneth R. West, Chevy Chase, Md., for plaintiff.

Paul J. Walstad, Donald G. Gavin, Walstad, Wickwire, Peterson & Gavin, Vienna, Va., for defendants.

MEMORANDUM AND ORDER

BRYANT, District Judge.

Plaintiff filed this case in the Superior Court of the District of Columbia, on September 25, 1974. He seeks damages for breach of contract and payment on a performance and payment bond under a District of Columbia statute, D.C.Code §§ 1–804a and 1–804b (1973). On October 21, 1974 both defendants petitioned this Court for removal from the Superior Court alleging diversity jurisdiction under 28 U.S.C. § 1441(a) (1970).[1] Plaintiff has opposed removal on the ground that Congress has vested jurisdiction for this suit exclusively in the Superior Court.

■ The defendants' right to removal depends on their meeting the requirements of 28 U.S.C. § 1441(a) (1970), which provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus plaintiff may defeat defendants' petition if the district courts of the United States do not have "original jurisdiction" over this case or if Congress has "expressly provided" that his case is not removable. Plaintiff, relying on this latter provision, contends that removal is precluded by D.C.Code § 1–804b(b) (1973) which provides that every materialman suit instituted under

1. See D.C.Code § 11–503 (1973) which specifically makes Section 1441(a) applicable to actions brought in the Superior Court of the District of Columbia.

Section 1–804b(a)[2] "shall be brought in the name of the District of Columbia for use of the person suing, in the Superior Court of the District of Columbia."[3]

Defendants' allegation of diversity and the $10,000 jurisdictional amount required under 28 U.S.C. § 1331 (1970) is uncontested. Moreover section 1331 contains no explicit exceptions for a contrary Congressional provision as do several other jurisdictional sections of Title 28.[4] Even if Congress had provided for statutory exceptions to the diversity jurisdiction under section 1331, any argument that D.C.Code § 1–804b(b) is such a statute is precluded by 28 U.S.C. § 1363 (1970). Section 1363 directs that for purposes of Chapter 85 of Title 28, encompassing section 1331 and all other district court jurisdictional statutes, "references to laws of the United States or Acts of Congress do not include laws applicable exclusively to the District of Columbia." Since sections 1–804b(a) and 1–804b(b) are applicable exclusively to the District of Columbia, these sections cannot defeat the original jurisdiction of the district court under section 1331.

This leaves the plaintiff with the argument that the defendants' petition for removal should be denied because Congress has provided otherwise within the meaning of section 1441(a). Plaintiff relies on D.C.Code § 1–804b(b)

which states that cases such as his "shall be brought . . . in the Superior Court of the District of Columbia."

██ It would be anomalous indeed if Congress had permitted the plaintiff to choose initially the district court as his forum, and at the same time denied the defendant the option to remove under section 1441(a). Plaintiff has not suggested a rationale for such an inconsistency and this Court can think of none. Congress granted the Superior Court jurisdiction of section 1–804b(a) cases when it enacted the District of Columbia Court's Reorganization Act in 1970, substituting "Superior Court of the District of Columbia" for "United States District Court for the District of Columbia." One purpose of the Court's Reorganization Act was to "bring the jurisdiction of the U. S. Courts in the District of Columbia in line with the jurisdiction exercised by the several states."[5] This Congressional purpose suggests that Congress intended that defendants in the District of Columbia have a right to removal concomitant with defendants sued in state courts.

Section 1–804b(b) is consistent with this legislative purpose. There is no suggestion in the statute or its legislative history that Congress intended that defendants in the District of Columbia be treated differently from defendants in state courts when they petition for removal under section 1441(a). In fact

---

2. D.C.Code § 1–804b(a) states in part:

Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under this Act and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final judgment and execution for said sum or sums justly due him . . .

3. D.C.Code § 1–804b(b) (1973) provides in full:

Every suit instituted under this section shall be brought in the name of the District of Columbia for the use of the person suing, in the Superior Court of the District of Columbia, irrespective of the amount of controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The District of Columbia shall not be liable for the payment of any costs or expenses of any such suit.

4. See e. g., 28 U.S.C. §§ 1336 & 1345 (1970).

5. S.Rep.No.405, 91st Cong., 1st Sess. 5 (1969).

D.C.Code § 1–804b(b) does not even mention removal. After measuring section 1–804b(b) against the provision in section 1441(a) that removal be allowed "except as otherwise *expressly* provided by an Act of Congress" [6] this Court concludes that defendants' petition for removal must be granted.

So ordered.

6. Congress has expressly provided that certain types of cases not be removable in 28 U.S.C. § 1445 (1970).