Katherine O'Donnell **ECKERT**, Plaintiff,

v.

Charles **FITZGERALD**, Defendant.

Civ. A. Nos. 82–2096, 82–2097.

United States District Court,
District of Columbia.

Oct. 22, 1982.

John F. Burke, Bulman, Dunie, Freeman, Burke & Feld, Bethesda, Md., for plaintiff.

Peter Barnes, Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D.C., for defendant.

## ORDER

JOYCE HENS GREEN, District Judge.

In June 1982, plaintiff Katherine O'Donnell Eckert commenced two actions in the Superior Court of the District of Columbia against defendant Charles Fitzgerald, one in the Civil Division for Damages, Possession and Waste, and the other in the Landlord and Tenant Branch solely for Possession of Real Estate. In July 1982, defendant removed these cases to the United States District Court for the District of Columbia, on the basis that this Court has original jurisdiction over both under 28 U.S.C. § 1332(a) and therefore, removal is proper under 28 U.S.C. § 1441(a). The parties agree that they are of diverse citizenship and that the amount in controversy exceeds $10,000, exclusive of interest and costs.

The issue before the Court is whether it has jurisdiction over an ejectment proceeding in the District of Columbia in light of

D.C.Code § 45–1410 (1981 ed.) which provides:

> Whenever a lease for any definite term shall expire, or any tenancy shall be terminated ... and the tenant shall fail or refuse to surrender possession of the leased premises, the landlord may bring an action of ejectment to recover possession in the Superior Court of the District of Columbia.

In *Herian v. United States,* 363 F.Supp. 287, 289 (D.D.C.1973), this section was interpreted to vest exclusive jurisdiction of ejectment proceedings in the Superior Court. Although its holding purported to reach all ejectment cases, *Herian* involved a suit brought by the United States under 28 U.S.C. § 1345. That section provides for original jurisdiction in the district courts for all "civil actions, suits or proceedings commenced by the United States", except as otherwise provided by Congress. The Court in *Herian* found that the ejectment statute, part of the District of Columbia Court Reorganization Act of 1970, was such an exception. *Id.* But in a recent case, *United States v. District of Columbia,* 669 F.2d 738, 741 (1981), the Court of Appeals rejected *Herian's* premise that a provision of the District of Columbia Court Reorganization Act of 1970 could be construed as constituting an exception to a federal court's original jurisdiction under 28 U.S.C. § 1345.

In any event, unlike Section 1345, the diversity statute, which governs this case, contains no explicit exception for a contrary Congressional provision.[1] And, in *District of Columbia, ex rel. John Driggs Co. v. Ranger Constr. Co.,* 394 F.Supp. 801, 802 (D.D.C.1974),[2] the Court held that a federal court's original jurisdiction in diversity cases is not subject to any implied exceptions; nor can a subsequently enacted Con-

---

**1.** 28 U.S.C. § 1332(a)(1):

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and is between—(1) citizens of different States ...."

**2.** *Ranger Construction* involved a materialman's suit brought under D.C.Code § 1–804b(b) [now D.C.Code § 1–1105(b)], enacted as part of the District of Columbia Court Reorganization Act of 1970, which provides, in pertinent part, that "[e]very suit instituted under this action shall be brought ... in the Superior Court."

gressional statute limited in application to the District of Columbia, like the ejectment statute at issue here, affect this jurisdiction.

Plaintiff can defeat removal only by showing that the federal court lacks original jurisdiction or that Congress has "expressly provided" that the case is not removable.[3]

The District of Columbia Court Reorganization Act of 1970, of which D.C.Code § 45–1410 is a part, was intended to make the District of Columbia's local court system analogous to that of the several states. S.Rep. No. 405, 91st Cong., 1st Sess. 5 (1969).

> This Congressional purpose suggests that Congress intended that defendants in the District of Columbia have a right to removal concomitant with defendants sued in state courts.

*Ranger Construction,* 394 F.Supp. at 802; *United States v. District of Columbia,* 669 F.2d at 741 n. 4. Section 45–1410 of the D.C.Code cannot be read to create an express or implied exception to defendant's right to remove this case to federal court. Nothing in that section refers to removal nor otherwise suggests Congress' intent to divest federal courts of diversity jurisdiction. That diversity jurisdiction shall be exercised in this case.

SO ORDERED.

---

**3.** 28 U.S.C. § 1441(a):

"Except as expressly provided by Act of Congress, any civil action brought in a state court of which the district courts have original jurisdiction may be removed by the defendant or the defendants, to the [appropriate federal] district court."