Ronnie **WILLIAMS**, et al., Plaintiffs,

v.

**HOWARD UNIVERSITY,**
et al., Defendants.

**No. CIV.A. 97–2161(JHG).**

United States District Court,
District of Columbia.

Nov. 17, 1997.

Clement Theodore Cooper, Washington, DC, for Ronnie Williams, Larry Coleman, Rena Coleman.

Paul Raymond Pearson, Arthur, Pearson & Martin, Limited, Falls Church, VA, Ladonna Lynette Griffith–Lesesne, Charles J. Willoughby, Howard University, Washington, DC, for Howard University, Lawrence Dawson.

Paul Raymond Pearson, Arthur, Pearson & Martin, Limited, Falls Church, VA, Ladonna Lynette Griffith–Lesesne, Howard University, Washington, DC, for Vincent Johns, Howard University, Lawrence Dawson.

Paul Raymond Pearson, Arthur, Pearson & Martin, Limited, Falls Church, VA, for Wells Fargo Guard Services.

John Charles Cook, Silver Spring, MD, Paul Raymond Pearson, Arthur, Pearson & Martin, Limited, Falls Church, VA, for Pollinger, Shannon & Luchs, Inc.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This Court joins the many other courts that have enforced what might be called "the Three Musketeers Rule" under the federal removal statutes. Under this rule, multiple defendants must unambiguously and independently show that in seeking to remove a case from state court to federal court they are "all for one, one for all."[1] Because only two of the three defendants have expressed their consent to removal, this case shall be remanded to the Superior Court of the District of Columbia ("Superior Court") forthwith.

### A. PROCEDURAL HISTORY

Plaintiffs filed their complaint in Superior Court on August 15, 1997. Defendants Pollinger, Shannon & Luchs (hereafter "PS & L") and Borg–Warner Protective Services t/a Wells Fargo Guard Services (hereafter "Borg–Warner") filed their answers in that court. On September 18, 1997, Borg–Warner filed a Notice of Removal in this Court. It is alleged, and no party has disputed, that there is complete diversity in this case and that the amount in controversy is greater than $75,000. Borg–Warner's Notice of Removal was not signed by any of the other co-defendants. More than 30 days have passed since this Court received the notice, and no explanation has been given the Court as to why the other co-defendants failed to join the Notice of Removal.

After the case was docketed in this Court, Defendants Howard University, Lawrence Dawson, and Dr. Vincent Johns (collectively the "Howard defendants") filed their answer on September 29, 1997. PS & L filed a motion to sever one count from the complaint and a motion for leave to file a third-party complaint. Both motions will be denied as moot and will have to be renewed, as appropriate, in Superior Court.

On October 2, 1997, Plaintiffs filed their motion to remand. This Court held a status conference on October 6, 1997. At the conference the Court asked each of the defendants to state their respective positions on whether the case should be remanded and informed them that they would be required to put their positions in writing. Counsel for

---

1. Alexandre Dumas the Elder, The Three Musketeers, ch. 9 (1844); *see also* William Shakespeare, The Rape of Lucrece 1. 144 (1594) ("One for all, or all for one we gage").

Borg–Warner and the Howard defendants each informed the Court that they would be opposing remand. Counsel for PS & L stated that he had not reviewed the motion for remand and was not prepared to state his client's position at that time.

On the same day, October 6, the Court issued an Order requiring all defendants to file their respective responses to the motion to remand by October 14, 1997, with Plaintiffs' reply due on October 17, 1997. Without seeking leave of Court, Plaintiffs filed two reply memoranda rather than a consolidated memorandum, and both were filed out of time. The Court has nevertheless considered the late-filed memoranda. Consistent with their statements at the status conference, Borg–Warner and the Howard defendants each filed a memorandum of law opposing remand. Defendant PS & L, however, filed neither a memorandum of law opposing remand, nor any other written expression of independent and unambiguous consent to removal.

## B. DISCUSSION

This case must be remanded under 28 U.S.C. § 1447(c) because the defendants did not *unanimously* seek removal to this Court. Had this action been brought initially in this Court, it would appear that this Court would have had original jurisdiction under 28 U.S.C. § 1332(a)(1) (1994). As a result this case potentially could have been removed from Superior Court to this Court under 28 U.S.C. § 1441(a), which provides in pertinent part:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States . . . ."

28 U.S.C. § 1441(a) (emphasis added). The procedure for removing a case to federal court states that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal." 28 U.S.C. § 1446(a).

■ However, removal statutes are to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). As a result, under the prevailing construction of 28 U.S.C. § 1441(a), where there is more than one defendant, "it is well established that removal generally requires unanimity among the defendants." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995) (citing *Chicago R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900)); *see also, e.g., Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir.1992); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §§ 3723 & n. 6, 3731 & n. 7.

■ While there is some variety in the timing and formality required for defendants to express their unanimous consent to removal,[2] each defendant's consent to removal must be unambiguous and independent.[3] Unless all defendants express such consent to removal in a timely manner, the removal procedure is defective. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447–48 (N.D.Ill.1987). A defect in the removal procedure does not deprive the Court of subject matter jurisdiction, *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.1990), and a motion to remand for defective procedure must be made within 30 days after the filing of the

---

2 .*See, e.g., Ibrahim v. 1417 N Street Assoc., L.P.*, 950 F.Supp. 406, 407–08 (D.D.C.1997) (discussing when 30–day clock for removal begins); *Anne Arundel County, Md. v. United Pacific Ins. Co.*, 905 F.Supp. 277, 278–79 (D.Md.1995) (discussing cases); *Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 338–40 (E.D.Tex.1993) (granting motion to remand because second of two defendants gave its consent to removal out of time).

3. *E.g., Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir.1994); *McKinney v. Bd. of Trustees of Mayland Com. Col.*, 955 F.2d 924, 928 (4th Cir.1992); *Spillers v. Tillman*, 959 F.Supp. 364, 369 (S.D.Miss.1997); *Henderson v. Holmes*, 920 F.Supp. 1184, 1187 (D.Kan.1996); *Landman v. Borough of Bristol*, 896 F.Supp. 406, 408–09 (E.D.Pa.1995).

Notice of Removal. 28 U.S.C. § 1447(c) (1994 & Supp.).

▉ In this case, Borg–Warner filed its notice of removal on September 18, 1997, and Plaintiffs filed their motion to remand on October 2, 1997—well within the 30–day time period for such a motion. Because it is the practice of this Judge to hold an early initial scheduling conference in any new case, the motion to remand was filed shortly before the scheduled initial conference. At the conference, and in an Order issued the same day, the Court ordered each of the defendants to file a response to the motion for remand to Superior Court by October 14, 1997. Borg–Warner and the Howard defendants both filed timely opposition memoranda. Contrary to Plaintiffs' suggestion, the Howard defendants' memorandum of law is clearly an independent and unambiguous consent to removal, which was timely for purposes of § 1446. *See, e.g., Ford v. New United Motors Mfg., Inc.,* 857 F.Supp. 707, 708 n. 3 (N.D.Cal.1994) (all defendants need not sign Notice of Removal; separately filed documents are sufficient). Defendant PS & L, however, filed no response.[4] Given that the Court had specifically directed PS & L to indicate its position on whether the case should remain in this Court or be remanded, it would be impossible to construe PS & L's silence as an unambiguous and independent expression of consent to removal.

Borg–Warner, in its opposition to remand, claimed that it could "find no provision in statute or rule requiring that all defendants must consent to removal." Borg–Warner Mem. at 4. Yet, it is well established that under 28 U.S.C. §§ 1441(a), 1446(a), with minor exceptions that are not applicable here,[5] that all defendants must consent to removal. Consequently, where there has been a timely motion to remand under 28 U.S.C. § 1447(c) for defective removal procedure because all defendants have not independently and unambiguously consented to removal, this Court shall remand the action. Accordingly, it is hereby

**ORDERED** that this entire case be, and hereby is, REMANDED forthwith to the Superior Court of the District of Columbia; and it is

**FURTHER ORDERED** that defendant PS & L's motion to sever is DENIED as moot; and it is

**FURTHER ORDERED** that defendant PS & L's motion to file a third-party complaint is DENIED as moot; and it is

**FURTHER ORDERED** that the Clerk is directed to send a copy of this Opinion and Order to the Clerk of the Superior Court of the District of Columbia.

IT IS SO ORDERED.

---

**4.** It is true that PS & L filed two motions in this Court. However, the mere filing of a pleading or motion in federal court is insufficient to demonstrate an unambiguous consent to removal. *See, e.g., Landman,* 896 F.Supp. at 409 (filing answer is ambiguous act insufficient to be consent to removal); *Jarvis v. FHP of Utah, Inc.,* 874 F.Supp. 1253, 1254 (D.Utah 1995) (filing motion to dismiss not unambiguous consent to removal); *Production Stamping Corp. v. Maryland Casualty Co.,* 829 F.Supp. 1074, 1077 (E.D.Wis.1993) (filing answer insufficient to be consent to removal). Indeed, PS & L's motion to sever was filed essentially in response to this Court's October 6, 1997 Order, which advised PS & L that if it sought severance it would have to do so by motion rather than by suggestion in the parties' scheduling report filed pursuant to Local Rule 206.

**5.** Three well-recognized exceptions to the unanimity rule are: (1) where one or more of the defendants were not yet served with the initial pleading at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Spillers,* 959 F.Supp. at 368 n. 2; *Moody v. Commercial Ins. Co.,* 753 F.Supp. 198, 200 (N.D.Tex.1990).