Velma LAPOINT, et al., Plaintiffs,

v.

MID–ATLANTIC SETTLEMENT SERVICES, INC. et al., Defendants.

Civil Action No. 02–1352 RMU.

United States District Court, District of Columbia.

March 31, 2003.

Patrick Malone, David Fierst, Stein, Mitchell & Mezines, Washington, DC, Nina Fay Simon, Jean Marie Constantine-Davis, American Association of Retired Persons, Washington, DC, for the Plaintiffs.

Harry Levy, Schulman, Treem, Kaminkow, Gilden & Ravenell, P.A., The World Trade Center, Baltimore, MD, for Defendants, Chase Title, Inc. and Mr. Hyatt.

Ronald W. Fuchs, Eccleston & Wolf, PC, Washington, DC, for Defendant Mid-Atlantic.

John May, Jordan, Coyne & Savits, Washington, DC, for Defendant Home Owners Title Co.

## MEMORANDUM OPINION

URBINA, District Judge.

### GRANTING THE PLAINTIFFS' MOTION FOR REMAND

### I. Introduction

The plaintiffs in this case are suing the defendants for allegedly utilizing unfair and deceptive settlement practices on home mortgage loan closings. The plaintiffs are a group of nine District of Columbia homeowners and the defendants are three mortgage settlement companies—Mid-Atlantic Settlement Services, Inc. ("Mid–Atlantic"), Home Owners Title Co. ("Home Owners"), and Chase Title, Inc. ("Chase Title")—and the president of Chase Title, Mitchell Hyatt. The plaintiffs originally filed this case in the Superior Court of the District of Columbia ("Superior Court") and Chase Title removed the case to federal court. This matter comes before the court on the plaintiffs' motion for remand to Superior Court. Because the defendants failed to unanimously consent to removal within the statutory time limit, the court grants the plaintiffs' motion for remand and remands the case to Superior Court.

### II. BACKGROUND

■ The plaintiffs filed the original complaint for this case in Superior Court on April 10, 2002. Mot. for Remand at 1. On May 20, 2002, the plaintiffs filed an amended complaint adding defendant Home Owners and adding a federal cause of action. *Id.;* Reply to Chase/Hyatt's Opp'n at 3. The plaintiffs served defendants Chase Title and Mr. Hyatt with the amended complaint on June 4, 2002; defendant Home Owners on June 19, 2002; and defendant Mid–Atlantic on June 25, 2002. Mot. for Remand at 1. On July 3, 2002, Chase Title and Mr. Hyatt removed the case from Superior Court to this court. Notice of Removal. On July 9, 2002 the plaintiffs filed a related case notice as required by Local Civil Rule 40.5(b)(3). On July 24, 2002, after Home Owners filed a motion to dismiss for lack of personal jurisdiction, the plaintiffs conducted limited jurisdictional discovery. Malone Decl. ¶¶ 2–5.

As of July 30, 2002, neither Mid–Atlantic nor Home Owners had expressed their consent to removal. Mot. for Remand at 2. Consequently, on July 30, 2002, the plaintiffs filed a motion for remand to Superior Court, arguing that because Mid–Atlantic and Home Owners failed to express their unanimous consent to removal within 30 days of service of the amended complaint, the removal was invalid. *Id.* at 3. All of the defendants filed oppositions to the motion for remand. On August 2, 2002, Home Owners filed a notice of its consent to removal. Mid–Atlantic filed a notice of its consent to removal on July 31, 2002.

### III. ANALYSIS

#### A. Legal Standard for Remand

■ A defendant seeking to remove a case from a state court to a federal district court must to file a notice of removal within 30 of receiving a pleading that reveals grounds for removal. 28 U.S.C. § 1446(a)-(b). In a multi-defendant case, removal requires unanimous consent of all defendants served with the complaint. *Williams v. Howard Univ.*, 984 F.Supp. 27, 29 (D.D.C.1997) (quoting *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995)). The court derives the requirement of unanimity from 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court ... may be removed by *the defendant or the defendants,* to the district court of the United States...." 28 U.S.C. § 1441(a) (emphasis

added). Courts must strictly construe removal statutes. *Williams*, 984 F.Supp. at 29 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

■ When the face of the complaint reveals a federal question, defendants desiring removal must express their unanimous consent to a notice of removal within 30 days of service of the complaint. *Id.; see also Franchise Tax Bd. of Cal. v. Constr. Franchise Tax Bd. of State of Cal. v. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (explaining the right to removal when a case arises under federal law). If the defendants fail to do so, and a plaintiff moves for remand, then the federal court must remand the case to the state court unless the plaintiff has waived the entitlement to remand by proceeding with the merits of the case. 28 U.S.C. 1447(c); *Williams*, 984 F.Supp. at 29; *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir.1996); *Fidelity & Deposit Co. of Md. v. Burden*, 53 F.2d 381, 381 (2d Cir.1931); *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C.1987). For example, a plaintiff might waive the right to a remand by supplementing a complaint, litigating a summary judgment motion, or engaging in a trial. *Id.* In contrast, merely engaging in offensive or defensive litigation (such as limited discovery) especially when the plaintiff has already filed a motion for remand, does not forfeit the right to a remand. *Medlin*, 113 F.R.D. at 652.

**B. The Court Remands the Case to Superior Court Because the Defendants Did Not Unanimously Consent to Removal Before the Deadline**

■ The plaintiffs served defendants Mid–Atlantic and Home Owners with the amended complaint on June 19, 2002 and June 25, 2002, respectively. Home Owners' Opp'n at 1–2; Mid–Atlantic's Opp'n at 2. The plaintiffs' amended complaint alleges, *inter alia*, violations of a federal statute, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607. Am. Compl. ¶¶ 58–61. Because the face of the amended complaint demonstrates a federal question, proper removal procedures require all of the defendants to express their consent to removal within 30 days of service of the amended complaint. 28 U.S.C. § 1331; *Williams*, 984 F.Supp. at 29; *see also Franchise Tax Bd.*, 463 U.S. at 10–11, 103 S.Ct. 2841 (explaining that a case arises under federal law when an essential element of the plaintiff's cause of action involves a right or immunity created by a federal statute). The parties agree that although defendants Chase Title and Mr. Hyatt filed a notice of removal on July 3, 2003, the other two defendants failed to consent to removal within 30 days of service of the amended complaint. Home Owners' Opp'n at 1–3; Mid–Atlantic's Opp'n at 1–2; Chase/Hyatt's Opp'n at 6. Thus, the plaintiffs are entitled to remand unless they waived this entitlement. 28 U.S.C. 1447(c); *Williams*, 984 F.Supp. at 29.

The defendants argue that the plaintiffs waived their right to a remand by filing a related-case notice and engaging in jurisdictional discovery. Chase/Hyatt's Opp'n at 7; Mid–Atlantic's Opp'n at 4; Home Owners' Opp'n at 2. While courts have denied motions for remand when a plaintiff has litigated the substance of its claim via a motion for summary judgment or a trial, the plaintiffs in this case have not litigated the substance of their claims. *E.g., Koehnen*, 89 F.3d at 528. Rather, the plaintiffs' notice and limited discovery constitute offensive and defensive litigation such as obeying the Local Civil Rules and opposing a motion to dismiss for lack of jurisdic-

**4**

tion rather than litigation of the case on the merits. *Compare Medlin,* 113 F.R.D. at 652, *with Koehnen,* 89 F.3d at 528, *and Fidelity & Deposit Co. of Md.,* 53 F.2d at 381. Because offensive and defensive litigation does not affect a plaintiff's ability to seek remand, the plaintiffs' notice and limited discovery do not waive the plaintiffs' entitlement to remand. *Medlin,* 113 F.R.D. at 652. Accordingly, the court grants the plaintiffs' motion for remand. *Id.*

### IV. Conclusion

For all these reasons, the court grants the plaintiffs' motion for remand. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 31st day of March, 2003.

### *ORDER*

#### GRANTING THE PLAINTIFFS' MOTION FOR REMAND

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 31st day of March, 2003, it is

**ORDERED** that the plaintiffs' motion for remand is **GRANTED** and the court hereby remands the case to the Superior Court for the District of Columbia.

**SO ORDERED.**