Diane **JULIEN**, Plaintiff,

v.

**CCA OF TENNESSEE,
INC.,** Defendant.

**No. CIV.A. 03–0444(RMU).**

United States District Court,
District of Columbia.

June 9, 2003.

Alan Lescht, Washington, DC, for Plaintiff.

Dannie B. Fogleman, Kevin Michael Kraham, Ford & Harrison LLP, Washington, DC, for Defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE PLAINTIFF'S MOTION FOR REMAND

## I. INTRODUCTION

This case comes before the court on the plaintiff's motion to remand the matter to the Superior Court for the District of Columbia. The plaintiff, Diane Julien, sues her employer, CCA of Tennessee, Inc. ("the defendant"), for wrongful termination under the District of Columbia Human Rights Act, as amended D.C.Code Ann. § 1–2501. The plaintiff asserts that the defendant discriminated against her on the basis of her disability, and then discharged her in retaliation for her complaints about the alleged discrimination. The plaintiff originally filed her compliant in the Superior Court, whereupon the defendant removed the case to this court on the proffered basis of diversity jurisdiction. The court grants the plaintiff's motion to remand because the defendant has not demonstrated that the requisite amount in controversy exists for diversity jurisdiction.

## II. BACKGROUND

On December 11, 2002, the plaintiff filed her complaint in the Superior Court. The plaintiff is a Maryland resident and the defendant is a Tennessee corporation with its principal place of business in Nashville, Tennessee. Compl. at 1; Notice of Removal ¶ 4. The complaint seeks damages "in an amount to be determined by a jury, but not less than $50,000, for compensatory damages for pain and suffering, emotional distress, mental anguish, lost pay/benefits, front pay, punitive damages, interests, costs and reasonable attorney's fees." Compl. at 5.

The plaintiff provided responses to the defendant's requested interrogatories, which the defendant's attorney received on February 5, 2003. Notice of Removal ¶ 3. The plaintiff reiterated her damages request in those responses, clarifying that her annual salary was $26,000.00, her lost pay since her dismissal approximated $13,000.00, and the cost of her medication since her dismissal totaled $450.00. Answer to Interrogs. ¶ 5.

Based on the plaintiff's responses, the defendant removed the case to this court on February 28, 2003, asserting that the court may entertain the matter on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal ¶ 5. The defendant alleges that the plaintiff's responses provided the defendant with notice that the amount in controversy exceeded the threshold statutory amount of $75,000.00, thereby making the case removable. *Id.* ¶ 3. The plaintiff then filed her motion for remand on March 5, 2003, asserting that the defendant did not timely file its notice of removal pursuant to 28 U.S.C. § 1446(b). Mot. to Remand at 1.

### III. ANALYSIS

#### A. Legal Standard for Remand

■ Federal courts are courts of limited jurisdiction and therefore the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). According to the removal statute, a defendant may properly remove to federal court an action brought in a state court when original subject-matter jurisdiction exists in the form of diversity. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Courts must strictly construe removal statutes. *Williams v. Howard Univ.*, 984 F.Supp. 27, 29 (D.D.C.1997) (Green, J.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

■ If a defect in removal procedures or lack of subject-matter jurisdiction becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case. 28 U.S.C. § 1447(c). If the federal court lacks subject-matter jurisdiction, remand is mandatory. *Republic of Venezuela v. Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C.Cir.2002); *Johnson–Brown v. 2200 M St. LLC*, 257 F.Supp.2d 175, at 177, (D.D.C. 2003).

#### B. The Court Remands the Case Because the Defendant Fails to Prove Federal Subject–Matter Jurisdiction

■ At the outset, the court must assure itself that it has subject-matter jurisdiction over the action. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Cobell v. Norton*, 240 F.3d 1081, 1094 (D.C.Cir. 2001). Because the defendant is the party pleading federal jurisdiction here, it has the burden of proving that jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. The defendant states that the plaintiff now seeks damages in an amount that varies

from the complaint as demonstrated by the plaintiff's responses to the defendant's interrogatories. Notice of Removal ¶ 3.

In comparing the complaint with the plaintiff's responses, it is clear that neither document satisfies the amount-in-controversy requirement. The complaint demands "damages in an amount to be determined by a jury, but not less than $50,000.00, for compensatory damages for pain and suffering, emotional distress, mental anguish, lost pay/benefits, front pay, punitive damages, interest, costs and reasonable attorney's fees." Compl. at 5. This demand clarifies that the total compensation sought by the plaintiff is at least $50,000.00. *Id.* By the same token, the plaintiff's responses affirm that she

> seeks compensatory damages for pain and suffering, emotional distress, and mental anguish and punitive damages in amounts to be determined by a jury. Plaintiff seeks back pay from the date her employment was terminated, September 12, 2002, to date of verdict, less interim earnings; her annual salary at the time you fired Plaintiff was $26,000, she has not found a new job yet, so her lost pay as of February 4, 2003, is @ $13,000. Plaintiff seeks recovery of damages for lost benefits, she lost her health insurance when she was fired and has no money for her medications; her sisters have been purchasing her medication for her, and to date they have spent about $450.

Answer to Interrogs. ¶ 5.

The comparison of these documents reveals no change to the amount-in-controversy pled in the complaint. *Compare id.* to Compl. at 5. Indeed, the only new information is the plaintiff's claim for back pay in the amount of $13,000.00, and the disclosure of $450.00 in medical expenses. Answer to Interrogs. ¶ 5. The plaintiff includes both of these numbers as part of the relief she originally sought in the complaint for lost pay and benefits. Compl. at 5. Hence, the plaintiff has done nothing more than update and clarify the relief she seeks. Moreover, even when adding these numbers to the minimum amount of $50,000.00 prayed for in the compliant, the total figure does not exceed the $75,000.00 required for diversity jurisdiction.[1]

Furthermore, although it is a possibility that the amount in controversy *might* satisfy the amount required by statute, Compl. at 5, as the defendant itself so eloquently argues, "the statute simply does not provide that a case is removable once a defendant has notice that the case 'might' be removable." Def.'s Opp'n at 4 (referring to 28 U.S.C. § 1446(b)). Our court of appeals has not yet decided the issue of whether removal is proper when diversity jurisdiction *might* exist, and the defendant has failed to cite to any binding precedent in that regard. The Fourth and Tenth Circuits, however, have ruled against the possibility of jurisdiction. *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir.1998) (disagreeing "with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleadings indicate that the right to remove may exist"); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997) (requiring that the grounds for removal "be apparent within the four corners of the initial pleading or subsequent paper"). The court views this line of reasoning as persuasive especially in light of the strict construction given to removal statutes. *Shamrock Oil & Gas*, 313 U.S. at 107–09, 61 S.Ct. 868; *Williams*, 984 F.Supp. at 29.

---

1. When added to the sum sought in the complaint, the total only reaches $63,450.00, falling far short of the $75,000.00 required for diversity jurisdiction. 28 U.S.C. § 1332.

**23**

The wording of Section 1446, which provides the procedure for removal, also supports this construction. 28 U.S.C. § 1446(b). Indeed, the statute instructs the defendant to file its notice of removal after "it may first be ascertained that the case is one which *is or has become* removable." *Id.* (emphasis added). The statute does not provide that a defendant may remove a case after learning that the case "might be" removable. *Id.* Nor will the court construe the statute to take on this additional meaning. *Shamrock Oil & Gas,* 313 U.S. at 107–09, 61 S.Ct. 868; *Williams,* 984 F.Supp. at 29. Accordingly, the court concludes that the defendant has not sufficiently proven the amount-in-controversy necessary to establish subject-matter jurisdiction and that the case should therefore be remanded to the Superior Court.[2]

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to remand. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of June 2003.

## *ORDER*

### GRANTING THE PLAINTIFF'S MOTION FOR REMAND

For the reasons stated in the court's Memorandum Opinion separately and con-

temporaneously issued this 9th day of June 2003, it is hereby

**ORDERED** that the plaintiffs' motion for remand is **GRANTED.**

**SO ORDERED.**

**2.** Alternatively, even if the defendant were able to meet the statutory requirement for amount in controversy, the court still would remand the case because the defendant failed to file its notice of removal within the 30-day period required by 28 U.S.C. § 1446(b). Indeed, the statute for removal provides that "[i]f the case stated by the initial pleadings is not removable, notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has

become removable . . ." 28 U.S.C. § 1446(b). Because the plaintiff's responses to the interrogatories essentially did not amend or change the initial pleading, the complaint was the paper which should have alerted the defendant as to whether the case had in fact met the statutory amount. The plaintiff filed her complaint on December 11, 2002, but the defendant did not file its notice of removal until February 28, 2003. Accordingly, the defendant's removal was not within the 30-day period prescribed by the statute, and the court must therefore remand the case to the state court. 28 U.S.C. § 1447.