**MPAC, LLC, Plaintiff,**

**v.**

**DISTRICT OF COLUMBIA, Defendant.**

**Civil Action No. 14-936 (RMC)**

United States District Court,
District of Columbia.

Signed June 24, 2014

Matthew August Lefande, Matthew August Lefande Attorney at Law PLLC, Arlington, VA, for Plaintiff.

## ORDER

ROSEMARY M. COLLYER, United States District Judge

MPAC, LLC operates The Scene, a nightclub located in Northeast Washington, D.C. On May 17, 2014, five patrons were shot near The Scene, allegedly when MPAC had failed to secure a reimbursable police detail as security for the venue. After the shooting, Metropolitan Police Department (MPD) Chief of Police Cathy Lanier suspended MPAC's license to operate on the ground that The Scene posed a danger to the public. The D.C. Alcoholic Beverage Control Board (Control Board) reviewed the MPD suspension order on May 21, 2014, and served MPAC with a Notice of Summary Suspension; the Control Board took witness testimony and reviewed an investigative report prepared by the Alcoholic Beverage Regulation Administration (ABRA), documents in the official file, and other record evidence. The Control Board concluded that The Scene "presents an imminent danger to the health and safety of the public, and accordingly, [continues] the suspension of [MPAC's] license." Notice of Removal [Dkt. 1], Ex. 1 (Supplement Petition for Review) at 5.[1]

On June 2, 2014, MPAC filed a petition for review of ABRA's suspension order in the District of Columbia Court of Appeals. MPAC requested that the order be set aside "as being unconstitutional, discriminatory, arbitrary, capricious, inequitable, unsupported by the evidence of record and not in accordance with applicable law." Supplemental Petition for Review at 1. MPAC filed a Notice of Removal in this Court the following day, alleging that the administrative review proceeding "incorporates claims of deprivation of Equal Rights under law [ ] under 42 U.S.C. § 1981, deprivation of First Amendment rights ... under 42 U.S.C. § 1983 and a conspiracy

---

1. All page numbering corresponds to the conventions supplied by the electronic case filing system, not those supplied by the parties.

to deprive such civil rights under 42 U.S.C. § 1985 and thus properly implicates the Federal Question jurisdiction of this Court." Notice of Removal at 1 (citing *Lightfoot v. District of Columbia*, 448 F.3d 392, 399 (D.C.Cir.2006); *Dist. Props. Assocs. v. District of Columbia*, 743 F.2d 21, 26–27 (D.C.Cir.1984) (other citation omitted)).

MPAC filed a Motion for a Temporary Restraining Order, Dkt. 2, and a Motion for a Preliminary Injunction, Dkt. 3, on June 9, 2014. MPAC alleges that "the Alcoholic Beverage Control Board has explicitly stated that the patrons of The Scene, entirely young black African Americans who listen to certain music, are prone to violence, and used this premise to cause the ongoing suspension of MPAC, LLC's liquor license." Mot. for Temporary Restraining Order at 10. MPAC further claims that the Board has infringed on the First Amendment associational rights of its patrons to express and receive a particular musical genre. *Id.* at 14. On June 10, 2014, the Court ordered the parties to submit briefs to address the Court's jurisdiction and stayed briefing on the merits pending resolution of the jurisdictional issue. Both parties have now fully briefed that issue.

■ Removal of a pending civil action from a state court[2] is governed by federal statute. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Similarly, a defendant may remove an action alleging a violation of a civil rights statute by a person acting under color of legal authority. 28 U.S.C. § 1443. Because federal courts are courts of limited jurisdiction, removal statutes are strictly construed. *Lapoint*, 256 F.Supp.2d at 3 (citing *Williams v. Howard Univ.*, 984 F.Supp. 27, 29 (D.D.C. 1997) (other citation omitted)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Julien v. CCA of Tenn., Inc.*, 268 F.Supp.2d 19, 21 (D.D.C. 2003) ("If a defect in removal procedures ... becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case."); *Hurt v. District of Columbia*, 869 F.Supp.2d 84, 86 (D.D.C.2012) ("All doubts about removal should be resolved in favor of remand.").

■ MPAC contends that it "did not initiate the state court proceeding, it was inflicted upon it," and therefore, "[MPAC] ... must be considered a defendant for the purpose of 28 U.S.C. § 1441(a)." MPAC Mem. on Jurisdiction [Dkt. 7] at 4–5. Not so. Congress intentionally removed the phrase "either party" from the federal removal statutes to limit the power of removal to "the defendant or defendants" in a suit. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–07, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The Supreme Court has instructed that "these alterations in the statute are of controlling significance as indicating the Congressional purpose to narrow the federal jurisdiction on removal ...." *Id.* at 107, 61 S.Ct. 868. Because MPAC instituted this proceeding, as Petitioner, to challenge the Board's suspension order, the Court finds that MPAC is not authorized to remove this civil action un-

---

**2.** The District of Columbia courts are treated as state courts for purposes of assessing removal. *See Lapoint v. Mid–Atlantic Settlement Servs., Inc.*, 256 F.Supp.2d 1 (D.D.C.2003).

der 28 U.S.C. §§ 1441(a) or 1443. The Court must remand this matter to the D.C. Court of Appeals based on the procedural defect in the removal process. 28 U.S.C. § 1447(c); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir.2001) ("There are several ... bright line limitations on federal removal jurisdiction ... that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.").

Moreover, there is a strong policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). While the *Younger* abstention doctrine initially developed to prevent federal interference with pending state criminal proceedings, abstention may also be warranted in the case of non-criminal judicial proceedings where important state interests are involved. *See Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Where vital state interests are involved, a federal court should abstain "unless state law clearly bars the interposition of the constitutional claims." *Moore*, 442 U.S. at 426, 99 S.Ct. 2371. "[T]he ... pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims ...." *Id.* at 430, 99 S.Ct. 2371.

At the outset, the Court recognizes an important state interest in the supervision and oversight of local administrative agencies. *See Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). MPAC claims that "[t]he curious direct review of the District of Columbia Court of Appeals ... renders little opportunity to plead constitutional matters requiring judicial intervention, yet the actions of the Board demand such and necessarily implicate this Court's fundamental mission of vindication of civil rights." MPAC Mem. on Jurisdiction at 1. MPAC relies on *Lightfoot v. District of Columbia* for the proposition that suits under 42 U.S.C. § 1983 are not to be treated as administrative review proceedings, even where the case challenges administrative agency action. 448 F.3d at 398. In addition, MPAC notes that *Younger* abstention is not appropriate where a claimant cannot raise its federal constitutional claims in local proceedings. *See Dist. Props. Assocs.*, 743 F.2d at 28 ("[A]ppellants' claims are in a number of respects considerably broader than the claims they were able to assert in the proceedings in local courts .... And the relief they seek in this case is far broader than that which the local court could have granted in the administrative review proceeding."). From these cases, MPAC argues that its request must be heard in federal court because of the civil rights allegations in its Notice of Removal.

But MPAC's argument misses the mark insofar as it seeks to be treated as a traditional § 1983 plaintiff. MPAC requested administrative review in the D.C. Court of Appeals, removed the administrative review proceeding to this Court, and invoked the federal civil rights statutes for the first time in its Notice of Removal. *See* Notice of Removal at 1. This procedural mechanism has deprived the D.C. Court of Appeals of an opportunity to consider the federal questions allegedly involved in the administrative review process.[3] Moreover,

---

3. MPAC asserts, in a footnote, that the D.C. Court of Appeals cannot be entrusted with the

resolution of federal civil rights issues because that court has previously deferred to

this is not a case where MPAC seeks relief that is "far broader than that which the local court could ... grant[ ] in the administrative review proceeding." *See Dist. Props. Assocs.*, 743 F.2d at 28. Instead, MPAC's requested relief, *i.e.*, an order setting aside the Board's suspension order, fits within the traditional purview of an administrative review proceeding. There is no basis for the Court to find that the D.C. Court of Appeals could not consider the federal questions raised by MPAC. *Cf. id.* at 28. Accordingly, it is hereby

**ORDERED** that MPAC's Motion for a Temporary Restraining Order, Dkt. 2, is **DENIED**; and it is

**FURTHER ORDERED** that MPAC's Motion for a Preliminary Injunction, Dkt. 3, is **DENIED**; and it is

**FURTHER ORDERED** that this case is **REMANDED** to the D.C. Court of Appeals.

This case is closed.

administrative agencies to "avoid[ ] judicial review of broader constitutional issues." MPAC Mem. on Jurisdiction at 7 n.1. But "[m]inimal respect for the state processes ... precludes any *presumption* that the state courts will not safeguard federal constitution-

al rights." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (emphasis in original). This Court will not presume that the D.C. Court of Appeals will disregard MPAC's constitutional claims.