Judy **KOPFF**, et al., Plaintiffs,

v.

**WORLD RESEARCH GROUP, LLC, et al.,** Defendants.

No. CIV.A. 03–1747PLF.

United States District Court, District of Columbia.

Dec. 24, 2003.

Michael C. Worsham, Forest Hill, MD, for Plaintiffs.

Charles A. Patrizi, Christopher A. Colea, Paul Hastings Janofsky & Walker LLP, Washington, DC, for Defendants.

## OPINION

PAUL L. FRIEDMAN, District Judge.

Plaintiffs allege that beginning in February 2002 defendants unlawfully transmitted to plaintiffs' fax machine 26 unsolicited advertisements promoting various events without plaintiffs' consent. Notice of Removal, Ex. N, Amended Complaint ¶¶ 14–17. In May 2002, plaintiffs sent a letter through counsel objecting to the transmissions, to no avail. *See id.* ¶ 19. In response to the faxes, plaintiffs filed suit in the Superior Court of the District of Columbia.[1] Plaintiffs made three claims against the defendants: (1) violations of Section 227(b) of the Telephone Consumer Protection Act, 47 U.S.C. §§ 201 *et seq.* ("TCPA"), which provides a private right of action against any person who "use[s] any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine," 47 U.S.C. § 227(b)(1)(C); (2) negligence; and (3) violations of the District of Columbia Consumer Protection and Procedures Act, D.C.Code §§ 28–3901 *et seq.* ("DCCPPA"). Plaintiffs seek $78,000 in damages, which consist of: $13,000 with respect to the faxes ($500 for each unsolicited fax pursuant to 47 U.S.C. §§ 227(a)(4) and 227(b)(3)(B)); $26,000 for "willfully and knowingly" violating the TCPA pursu-

---

1. Plaintiffs filed their original complaint in the Superior Court of the District of Columbia against World Research Group, LLC, the National Vehicle Leasing Association and Tatiana Pose alleging 22 unlawful facsimile transmissions. Plaintiffs subsequently filed the amended complaint in the Superior Court against World Research Group, LLC, WRG Research, Inc., CBI Research, Inc., Center for Business Intelligence, LLC, Vidar J. Jorgensen, Dan Manganiello and Tatiana Pose, and increased the number of transmissions alleged to 26.

ant to 47 U.S.C. § 227(b)(3) (treble damages of $1500 for each fax); and $39,000 in damages under the DCCPPA, D.C. CODE § 28–3905(k)(1)(A) (treble damages of $1500 for each fax). Plaintiffs also seek injunctive relief and attorneys' fees and costs.

## I. BACKGROUND

Defendants WRG Research, Inc., CBI Research, Inc., Center for Business Intelligence, LLC, and Vidar J. Jorgensen, all of whom were served with the amended complaint on August 2, 2003, removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on August 15, 2003, asserting complete diversity and satisfaction of the jurisdictional amount under 28 U.S.C. § 1332. *See* Notice of Removal ¶¶ 9–18. On September 24, 2003, defendant Tatiana Pose, who asserts that she has never been served properly, consented to the removal. *See* Consent to Removal by Defendant Tatiana Pose. The remaining defendants were not parties to the removal for reasons addressed below. In addition, the removing defendants, including Ms. Pose, filed an answer and a counterclaim for abuse of process. The docket reflects that this answer was filed on September 8, 2003, but defendants assert that they filed the answer on August 29, 2003. *See* Defendants' Motion to Amend Notice of Removal at 3.

Plaintiffs filed the instant motion to remand this action to the Superior Court on September 10, 2003. They also filed a motion to stay these proceedings pending determination of the removal issue. Defendants filed a motion to amend the notice of removal on September 24, 2003, in an attempt to clarify the non-moving defendants' positions. On December 18, 2003, the parties appeared before the Court for a status conference, at which they offered argument on the motion to remand. Upon careful review of the parties' briefs and arguments, the Court concludes that plaintiffs' motion to remand should be denied.

## II. DISCUSSION

Plaintiffs move to remand this action on five grounds: (1) there is no federal question jurisdiction over TCPA claims and, by extension, there can be no jurisdiction over TCPA claims on the basis of diversity; (2) the $75,000 jurisdictional amount has not been met; (3) removal violates the automatic bankruptcy stay in effect in Mr. Kopff's Chapter 7 bankruptcy proceeding; (4) plaintiffs agree to waive any damages over $75,000; and (5) defendants Dan Manganiello, Tatiana Pose and World Research Group, LLC were not included in the original Notice of Removal and therefore the requirement of unanimity of consent to removal among defendants has not been satisfied.

### A. *The Removal Statutes*

Under the federal removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This provision is not limited to federal question jurisdiction but also extends to those actions in which original jurisdiction exists on the basis of diversity of citizenship. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The diversity statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... [c]itizens of different States." 28 U.S.C. § 1332(a)(1). The bur-

den falls on the removing defendants to demonstrate the federal district court's jurisdiction. *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Section 1446(b) of Title 28 sets out the procedures for removal, and states, *inter alia*, that the notice of removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief ...." 28 U.S.C. § 1446(b). It further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." *Id.* In addition, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id. See also Julien v. CCA of Tennessee, Inc.*, 268 F.Supp.2d 19, 21 (D.D.C.2003) (If a defect in the removal procedures or lack of subject matter jurisdiction surfaces at any point prior to final judgment "the removal court must remand the case to the state court from which defendants originally removed the case.").

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 100–107, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996); *Williams v. Howard University*, 984 F.Supp. 27, 29 (D.D.C. 1997). As a result, "where there is more than one defendant, 'it is well established that removal generally requires unanimity among the defendants.'" *Williams v. Howard University*, 984 F.Supp. at 29 (quoting *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995)). While "there is some variety in the timing and formality required for defendants to express their unanimous consent to removal, each defendant's consent to removal must be unambiguous and independent. Unless all defendants express such consent to removal in a timely manner, the removal procedure is defective." *Williams v. Howard University*, 984 F.Supp. at 29. *See also In re Tobacco/Governmental Health Care Costs Litigation*, 100 F.Supp.2d 31, 40 (D.D.C. 2000) (normally notice of removal must reflect consent of all defendants who have been served). There are three exceptions to this "rule of unanimity:" (1) where one or more of the defendants has not yet been served with the initial pleading at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *See Williams v. Howard University*, 984 F.Supp. at 30 n. 5.

### B. Diversity Jurisdiction Permissible Basis for Removal of TCPA Claims

Plaintiffs first cite cases in which courts have concluded that if a plaintiff raises

claims under the TCPA by filing suit in state court, a defendant cannot remove the action on the basis of federal question jurisdiction because Congress created exclusive jurisdiction in state courts over these claims. *See* Pls.' Mot. at 5 (citing *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.,* 156 F.3d 432 (2d Cir.1998); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287 (11th Cir.1998); *Int'l Science & Technology Institute, Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir.1997); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir.1997)). These cases concern Section 227(b)(3) of the TCPA, which provides that a private person or entity may bring an action under the TCPA, "if otherwise permitted by the laws or rules of court of a State, . . . in an appropriate court of that State . . . ." 47 U.S.C. § 227(b)(3).

Plaintiffs argue that because Congress has given the state courts, rather than the federal courts, jurisdiction to hear suits under the TCPA, defendants should not be allowed to remove this action to federal court on the ground of diversity pursuant to Section 1332. In so arguing, however, plaintiffs incorrectly characterize the grant of diversity jurisdiction as a "general jurisdictional" grant, or as something that functions like a grant of general jurisdiction, that is circumscribed by Congress's creation of specific jurisdictional provisions like that contained in Section 227(b)(3) of the TCPA. The diversity jurisdiction statute is not a general jurisdictional grant nor is it akin to Section 1331 providing for federal question jurisdiction. Rather, diversity jurisdiction, expressly contemplated by Article III of the United States Constitution, is an independent basis for federal jurisdiction created to prevent discrimination against non-resident defendants regardless of whether federal law is involved. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 74, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

A federal court's original jurisdiction in diversity cases is not subject to implied exceptions. A "plaintiff can defeat removal only by showing that the federal court lacks original jurisdiction or that Congress has expressly provided that the case is not removable." *Eckert v. Fitzgerald,* 550 F.Supp. 88, 89–90 (D.D.C.1982) (internal quotation omitted). Such is not the case here. Removal of TCPA claims on the basis of diversity jurisdiction therefore is permissible. *See Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, LP,* 294 F.Supp.2d 834, 836–40 (M.D.La.2003); *Biggerstaff v. Voice Power Telecommunications, Inc.,* 221 F.Supp.2d 652, 656–57 (D.S.C.2002); *Kinder v. Citibank,* Case No. 99–CV–2500 W, 2000 WL 1409762, at *3, 2000 U.S. Dist. LEXIS 13853, at *9–11 (S.D.Cal. Sept. 13, 2000). As the court noted in *Kinder,* diversity of citizenship is an "independent basis for federal jurisdiction," and nothing in the TCPA precludes federal courts "from hearing private TCPA claims where [this] independent basis for federal jurisdiction exists." *Kinder v. Citibank,* 2000 WL 1409762, at *3, 2000 U.S. Dist. LEXIS 13853, at 9–10.

### C. *Defendants Meet Amount–in–Controversy Requirement*

Plaintiffs next argue that their individual claims do not meet the $75,000 threshold required by the diversity statute. *See* 28 U.S.C. § 1332(a). Specifically, the two plaintiffs claim that each of them is asserting separate and independent claims against the seven defendants, and that the defendants must satisfy the amount-in-controversy requirement with respect to each plaintiff in order to establish diversity jurisdiction, citing *Zahn v. International Pa-*

per Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). See Pls.' Mot. at 7. In Zahn, the Supreme Court concluded in the context of a class action that each plaintiff bringing a separate and distinct claim must satisfy the jurisdictional amount. See Zahn v. International Paper Co., 414 U.S. at 301, 94 S.Ct. 505. In so holding, the Supreme Court applied a standard it articulated in 1911: " '[w]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.' " Id. at 294, 94 S.Ct. 505 (quoting Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911)).

■ The question therefore is whether the plaintiffs in this action have raised "separate and distinct demands," or have "a common and undivided interest" in the claims alleged. Because this matter clearly falls in the latter category, the Court concludes that plaintiffs' claims for monetary relief should be aggregated. The jurisprudence stemming from Zahn is extensive, though not very clear or yielding to summary. This Court has articulated the view that "plaintiffs' claims can be aggregated when they make an integrated claim"—in other words, if the right is a collective right pursuant to which one plaintiff's failure to collect his or her share increases the remaining plaintiffs' damages. Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 48 F.Supp.2d 37, 41 (D.D.C.1999) (amount-in-controversy aggregated for purposes of evaluating removal, inter alia, of disgorgement claim). See also National Treasury Employees Union v. Reagan, 629 F.Supp. 762, 765 (D.D.C.1985) (in Tucker Act context, aggregation appropriate if right possessed by each plaintiff "could only be exercised collectively, making it a collective right" and "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest.") (internal quotation omitted).

The two plaintiffs in this action are suing in response to faxes sent to a single fax machine that they jointly utilized in their work for a single business. See Amended Complaint ¶¶ 6, 14–16. Plaintiffs' right to sue under the TCPA is a collective right in which they have a common interest that stems from the transmissions to the single fax machine, rather than from their individual receipt of unsolicited advertisements. See 47 U.S.C. § 227(b)(1)(C) ("It shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."). Furthermore, if Mrs. Kopff failed to collect her portion of the damages in the lawsuit, Mr. Kopff surely would gain his wife's portion. Accordingly, plaintiffs adequately have alleged damages in the sum of $78,000, and the amount-in-controversy requirement of the diversity statute therefore has been satisfied.

## D. Removal Does Not Violate Automatic Stay of Bankruptcy Proceedings

■ Plaintiffs assert that to the extent that Mr. Kopff's claim against defendants is still within the jurisdiction of the bankruptcy court, defendants' removal constitutes a violation of the automatic stay provision of the Bankruptcy Code. See Pls.' Mot. at 9. Subsequent to plaintiffs' filing their motion to remand, however, the trustee of the bankruptcy estate abandoned this lawsuit as an asset of the estate. See

Order Abandoning Asset (Superior Court of the District of Columbia, Case No. 02–9047) filed October 7, 2003. The abandonment releases this lawsuit from the jurisdiction of the bankruptcy court and any proscriptions of the automatic stay. *See* 11 U.S.C. § 554(a).

### E. *Plaintiffs Cannot Amend Position to Defeat Jurisdictional Amount*

 It is established that the time for assessing jurisdictional amount is at the time of removal. Where the prayer for damages is unambiguous as it is here, plaintiffs cannot subsequently alter their pleading or position in order to defeat removal. As the Supreme Court held over 70 years ago "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove.... And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938). *See also In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992); *Nwachukwu v. Karl,* 223 F.Supp.2d 60, 65–66 (D.D.C.2002). Plaintiffs therefore cannot amend their complaint in order to fall below the amount-in-controversy required by the diversity statute.

### F. *Unanimity of Defendants Exists*

The issue of remand thus comes down to whether the Notice of Removal was filed in a proper manner and whether all defendants were unanimous in their consent to remove. In their opposition to plaintiffs' motion, defendants assert that neither Dan Manganiello nor World Research Group, LLC has been served with the amended complaint, and that Tatiana Pose is otherwise excused from filing a notice of removal. *See* Defendants' Opposition to Plaintiffs' Motion to Remand ("Defs.' Opp.") at 19–22.

 A defendant is required to file a notice of removal "within thirty days after receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading ... [or] after service of the summons." 28 U.S.C. § 1446(b) (emphasis added). Plaintiffs concede that Mr. Manganiello has not been served. *See* Pls.' Mot at 11. Mr. Manganiello therefore is excused from joining the removal petition and remand cannot be based on Mr. Manganiello's absence from the Notice of Removal. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Plaintiffs' related argument that Dan Manganiello eventually may be found in a jurisdiction that defeats complete diversity is too remote a possibility to justify remand in the absence any factual support for this claim.

Ms. Pose's posture with respect to service is more complicated. Plaintiffs purported to serve Ms. Pose with the original complaint on October 31, 2002. She moved to quash service on May 6, 2003 on the ground that she never was served properly. The Superior Court of the District of Columbia denied the motion without comment by Order of June 9, 2003. *See* Defendants' Motion to Amend Notice of Removal, Ex. 2, Order of August 11, 2003. Ms. Pose still contests that service.

Plaintiffs' counsel mailed the amended complaint to Ms. Pose on June 10, 2003 and faxed a copy to her counsel that same week. Ms. Pose answered the amended complaint on September 24, 2003, together with the other answering defendants, while at the same time preserving her defense that she never was served properly under the applicable local rules. *See* Answer and Counterclaim of Defendants WRG Research, Inc., CBI Research, Inc., Center for Business Intelligence, LLC, Vidar J. Jorgensen, and Tatiana Pose at 9 (Seventh Affirmative Defense). The answer does not mention the removal effort. Ms. Pose also filed a consent to the removal on September 24, 2003.

Rule 5(a) of the Superior Court Rules of Civil Procedure provides that "every pleading subsequent to the original complaint" must be served on each of the parties unless the court otherwise orders. D.C. SUPER. CT. R. CIV. P. 5(a). If a party is represented by counsel, service of such pleadings shall be made "on the attorney unless the Court orders service on the party." D.C. SUPER. CT. R. CIV. P. 5(b)(1). In addition, "[a]ny pleadings asserting new or additional claims for relief against any party in default must be served upon such party in the manner provided for service of summons in Rule 4." D.C. SUPER. CT. R. CIV. P. 5(a).

 At the oral argument on plaintiffs' motion to remand, plaintiffs' counsel stated that he delivered the amended complaint to Ms. Pose's counsel via facsimile. This electronic submission, however, is not a proper basis for service. As Rule 5(b)(2)(D) states, service under Rule 5(a) may be made by "[d]elivering a copy by any other means, including electronic means, as permitted or required by administrative order or consented to in writing by the person served." D.C. SUPER. CT. R. CIV. P. 5(b)(2)(D). At the argument, defense counsel informed the Court that Ms. Pose had not so consented to electronic service, and there is no suggestion that there is an administrative order of the Superior Court permitting such service. In addition, since new claims apparently were included in the amended complaint, plaintiffs were required to serve Ms. Pose with the amended complaint pursuant to the service provisions of Rule 4. *See* D.C. SUPER. CT. R. CIV. P. 5(a). The Court therefore concludes that Ms. Pose has not been served with the amended complaint in accordance with the Superior Court Rules of Civil Procedure. Thus, like Mr. Manganiello, she was not required to join the notice of removal. *See* 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 347–48, 119 S.Ct. 1322; *Williams v. Howard University*, 984 F.Supp. at 30 n. 5 (defendants not yet served exception to rule of unanimity).[2]

Finally, defendants assert that World Research Group, LLC never was formally

**2.** The fact that Ms. Pose subsequently filed an answer to the amended complaint does not affect the Court's conclusion. In filing an answer, a defendant does not waive her right to challenge the sufficiency of service if she so states in her answer. *See* D.C. SUPER. CT. R. CIV. P. 12(h)(1) ("A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading ...."). *See Harris v. Sec'y, U.S.* *Dep't of Veterans Affairs*, 126 F.3d 339, 341 (D.C.Cir.1997) ("affirmative defenses must be raised in a responsive pleading"); *McLaughlin v. Fidelity Security Life Insurance*, 667 A.2d 105, 107 n. 5 (D.C.1995). Ms. Pose joined the answer filed in this Court, maintaining a claim of insufficient service. *See* Answer and Counterclaim of Defendants WRG Research, Inc., CBI Research, Inc., Center for Business Intelligence, LLC, Vidar J. Jorgensen, and Tatiana Pose at 9 (Seventh Affirmative Defense).

served with the complaint or the amended complaint. Rule 4(h) of the Superior Court Rules of Civil Procedure provides that service upon a domestic or foreign corporation shall be effected "within the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process ...." D.C. SUPER. CT. R. CIV. P. 4(h)(1). Rule 4(*l*) provides that if service is effected by a non-party certain requirements must be met. Specifically, return of service must be made under oath and must include, *inter alia*, "[the] time and place at which service was effected; the fact that a summons, a copy of the complaint and the initial order setting the case for an Initial Scheduling Conference were delivered to the person served; and, if service was effected by delivery to a person other than a party named in the summons, then specific facts from which the Court can determine that the person to whom process was delivered meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." D.C. SUPER. CT. R. CIV. P. 4(*l*)(1).

■ Plaintiffs have provided the Affidavit of Proof of Service by Process Server sworn to by Davie J. Allen, Constable, to demonstrate that World Research Group, LLC was served with the original complaint on May 24, 2003, through service accepted by Ms. Brooke Delenche on behalf of "Jorge Jorgensen, President of World Research" at his residence. Defendants' Opposition to Plaintiffs' Motion to Remand, Ex. 6, Letter from Michael C. Worsham to Christopher Cole of August 21, 2003, with attachments ("LLC Affidavit"). The Court concludes that the affidavit is facially invalid. Assuming that

"Jorge" Jorgensen is the same individual as defendant Vidar J. Jorgensen, the affidavit fails to provide any indications that Ms. Brooke Delenche is a proper individual under Rule 4(h)(1) to accept service for World Group Research LLC—despite the fact that both the Superior Court Rule and the affidavit form itself direct the affiant to provide "specific facts from which the Courts can determine that the person who signed the receipt meets the appropriate qualifications for service of process as required by SCR Civ. 4(e)(2)." LLC Affidavit at 3. *See Lennon v. McClory*, 3 F.Supp.2d 1461, 1463 (D.D.C.1998) (service of unauthorized individual insufficient to demonstrate service to corporation); *Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C.1983) (acceptance of service by receptionist insufficient to demonstrate service to proper agent of corporation). Absent a demonstration that World Research Group, LLC was properly served with the original complaint, any attempt to serve the amended complaint through the procedures provided for in Rules 4 and 5 was insufficient. Accordingly, plaintiff cannot rely on the absence of World Research Group, LLC from defendants' notice of removal to demonstrate a lack of unanimity among defendants as to removal.

■ While unanimity of defendants' consent to removal is a cornerstone of the removal process, unanimity is not defeated if those defendants absent from the notice of removal were never served properly in the first instance. The "service" exception to the rule of unanimity protects "a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 347, 119 S.Ct. 1322. Mr. Man-

60

ganiello, Ms. Pose and World Research Group, LLC have not been served in accordance with the Superior Court Rules of Civil Procedure and therefore need not have joined the notice of removal. As a result, defendants' notice of removal is not infirm.

## III. CONCLUSION

For the foregoing reasons, the Court denies plaintiffs' motion to remand. A separate Order consistent with this Opinion shall issue this same day.

SO ORDERED.